UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CATELYN H., pseudonymously,<br><br>                          Plaintiff(s),<br><br>   v.<br><br>G6 HOSPITALITY, LLC,<br><br>                          Defendant(s). | Case No.2:24-CV-939 JCM (DJA)<br><br>ORDER |

Presently before the court are defendants' motions to dismiss. (ECF Nos. 57, 58, 59). Plaintiff filed a response (ECF No. 66), to which defendants replied (ECF Nos. 69, 70, 71). For the reasons explained below, the court GRANTS the defendants' motions.

As a preliminary matter, plaintiff filed an amended complaint (ECF No. 55), rendering defendants' previous dispositive motions (ECF Nos. 8, 34, 37, 38, 40) as MOOT.

**I.  Background**

This is an action arising from sex trafficking allegations. Plaintiff Catelyn H. filed a complaint against Boyd Gaming Corp., Venetian Gaming Las Vegas LLC, and the Mirage Casino Hotel, LLC, alleging the defendant casinos are perpetrators and beneficiaries of plaintiff's sex trafficking under 18 U.S.C. § 1595(a). (ECF No. 55).

Plaintiff alleges she was trapped in an abusive sex trafficking scheme since 2003. (*Id*. ¶ 49). She fell under the control of a single trafficker known as "Birdd" in 2004 when she was a teenager and remained in his control for approximately 10 years. (*Id*. ¶ 50). Birdd trafficked plaintiff in California and Arizona between 2004 and 2006. (*Id*. ¶ 55). From 2006 to 2012, Birdd increasingly trafficked plaintiff in Las Vegas. (*Id*. ¶ 59).

The basis of plaintiff's complaint takes place between 2013 and 2014.  Birdd allegedly forced plaintiff to "walk the carpet" and look for guests to pay for sex work at various Las Vegas hotels.  (*Id*. ¶ 67-87).  Plaintiff claims she regularly "picked up tricks" inside the Mirage Las Vegas, the Palazzo, and the Cannery during 2013 and 2014.  (*Id*.).  She also alleges she was "well known" to a Cannery employee for her frequent visits prior to 2012.  (*Id*. ¶ 82).  The FBI arrested Birdd on April 12, 2014, on charges related to sex trafficking and transportation of minors.  (*Id*. ¶ 62-65).

The complaint alleges the three defendant hotels are unique for the frequency with which they permitted their guests to pay for sex work and for their "generally welcoming attitude of sex work."  (*Id*. ¶ 66).  Plaintiff also claims the defendants use sophisticated surveillance systems and ignored obvious "flags" on her person.  (*Id*. ¶ 126).  Plaintiff alleges a claim against defendants under the Trafficking Victims Protection Reauthorization Act (TVRPA) and a claim for intentional infliction of emotional distress.

## II.     Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id*.

### III. Discussion

#### A. TVPRA Claim

As a preliminary matter, the court finds the plaintiff plausibly alleges that she was a victim of sex trafficking under 18 U.S.C. § 1591. Sex trafficking means the victim engaged in commercial sex acts either while under 18 years of age or due to force, threat of force, fraud, or coercion. 18 U.S.C. § 1591(a). Plaintiff claims her trafficker coerced her into commercial sex work and forced her to endure physically and mentally traumatizing events. Plaintiff therefore has standing to sue under the TVPRA.

##### 1. Statute of Limitations

Defendant Boyd Gaming argues that plaintiff's claim under the TVPRA is time-barred by the 10-year statute of limitations. 18 U.S.C. § 1595(c)(1). Plaintiff contends her claims are timely because she was trafficked beyond the 10-year window and equitable tolling applies.

. . .

A claim may be dismissed as untimely pursuant to a 12(b)(6) motion when the running of the statute of limitations is apparent on the face of the complaint. *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013). Accordingly, courts may dismiss "only if assertions of complaint, read with required liberality, would not permit plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204 (9th Cir. 1995) (quoting *Jablon v. Dean Witter & Co*., 614 F.2d 677, 682 (9th Cir.1980)).

The TVPRA requires all claims to be brought within 10 years after the cause of action arose or the victim reaches 18 years of age, whichever is later. 18 U.S.C. § 1595(c)(1). Plaintiff alleges that her trafficking began in 2004 and continued until 2014. The basis of plaintiff's complaint primarily concerns activity that occurred while she was under her trafficker's control during her "final period of active trafficking during 2013-2014." ECF No. 55 ¶ 87.

Plaintiff's trafficker, Birdd, was arrested on April 21, 2014. *Id*. ¶ 62. Plaintiff filed her complaint exactly ten years after Birdd's arrest on April 21, 2024. *See generally id.* Any aspect of plaintiff's claim that is premised on conduct that occurred before April 12, 2014, is therefore time-barred. 18 U.S.C. § 1595(c)(1).

However, plaintiff alleges in the complaint that she remained under Birdd's control from prison for "several months after his arrest" and continued to be trafficked into "late 2014." ECF No. 55 ¶ 64, 66. It is at least plausible from the face of the complaint that plaintiff continued to be trafficked after Birdd's arrest. With such ambiguity regarding the accrual date of plaintiff's claim, the court finds dismissal of the claim in its entirety would be premature at this stage. Thus, plaintiff's TVPRA claim against defendants is time-barred as it pertains to conduct occurring before April 12, 2014, but not after.

Federal statutes of limitations are presumptively entitled to equitable tolling as long as the plaintiff can prove (1) she has been pursuing her rights diligently, and (2) that extraordinary circumstances prevented timely filing. *See Arellano v. McDonough*, 598 U.S. 1, 143 S. Ct. 543, 214 L. Ed. 2d 315 (2023); *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016). Plaintiff has not shown that she is entitled to equitable tolling on her claim. She alleges trauma prevented her from timely filing, but she fails to illustrate extraordinary circumstances.

*See C.C. v. Rashid*, No. 2:23-CV-02056-GMN-BNW, 2024 WL 5200543 (D. Nev. Dec. 20, 2024).

Thus, the court must dismiss as untimely only plaintiff's TVPRA claim as it relates to events that occurred prior to April 12, 2014. The court grants plaintiff leave to amend if plaintiff can allege facts to support equitable tolling.

B.  12(b)(6)

Defendants argue that plaintiff fails to state a claim against them under the TVPRA. The TVPRA creates two types of civil claims: (1) a claim against the perpetrator of a sex trafficking crime, and (2) a claim against anyone who knowingly benefits from participation in a venture which that person knew or should have known has engaged in trafficking. 18 U.S.C. § 1595(a). Plaintiff alleges TVPRA violations against all defendants under both theories of liability.

*1. Beneficiary Liability*

To bring a beneficiary claim under § 1595(a), a plaintiff must allege that defendants (1) knowingly benefitted (2) from participation in a venture (3) that they knew or should have known engaged in sex trafficking. 18 U.S.C. § 1595(a). *See J.M. v. Choice Hotels Int'l, Inc*., No. 2:22-cv-00672-KJM-JDP, 2023 WL 3456619 (E.D. Cal. May 15, 2023).

a.  Knowingly Benefit

The first question is whether plaintiff has plausibly alleged that defendants knowingly benefitted pursuant to § 1595(a). Plaintiff claims the defendants benefitted from her trafficking because she drove foot traffic to the casinos, leading to increased room and gaming revenues.

The court must draw all reasonable inferences in favor of the plaintiff at the dismissal stage. *Winter ex rel. United States v. Gardens Reg'l Hosp. & Med. Ctr., Inc*., 953 F.3d 1108, 1116 (9th Cir. 2020). Based on plaintiff's allegations, it is plausible that the defendant casinos knowingly experienced higher revenues as a result of plaintiff's commercial sex work. *See Tyla D. v. MGM Resorts Int'l*, No. 2:24-CV-00698-APG-BNW, 2024 WL 4839744 (D. Nev. Nov. 19, 2024) (finding the same under an analogous set of facts). It is therefore inappropriate to dismiss plaintiff's claim on that basis.

. . .

. . .

### b. Participation in a Venture

Participation in a venture is "an undertaking or enterprise involving risk and potential profit." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 724 (11th Cir. 2021). A venture under § 1595 can be an isolated act of sex trafficking but can also be a business whose primary focus is not on sex trafficking. *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 554 (7th Cir. 2023).

The defendants are all casino and hotel operators. "Operating a casino is a commercial venture and it is reasonable to infer that operating a hotel and casino necessarily involves many persons and entities taking part 'in a common undertaking or enterprise involving risk and potential profit.'" *Tyla D.*, 2024 WL 4839744 at *3 (quoting *Red Roof Inns*, 21 F.4th at 725). Given that the court liberally interprets what satisfies as participation in a venture, *C.C.*, 2024 WL 5200543 (D. Nev. Dec. 20, 2024), the court finds that plaintiff has sufficiently pled this element.

### c. Defendants Knew or Should Have Known the Venture Involved Sex Trafficking

The final question is whether plaintiff has plausibly alleged that defendants knew or should have known that the ventures violated the TVPRA. Whether a participant in a venture knew or should have known that the venture engaged in trafficking imposes a negligence standard. *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1177 (9th Cir. 2022).

Plaintiff argues that defendants had constructive knowledge of plaintiff's trafficking because she was a frequent visitor, and defendants knew she engaged in commercial sex work. (ECF No. 55 ¶ 66, 129). Essentially, plaintiff asserts the defendants should have inferred she was a trafficking victim based on contextual factors. Courts in this district agree that "[i]t is not enough to establish a defendant's knowledge of general commercial sex taking place at its property" to allege this prong. *C.C.*, 2024 WL 5200543 at *10 (quoting *Tyla*, 2024 WL 4839744 at *4). A plaintiff must allege that defendants knew or should have known of a venture that involved sex trafficking by force, threat of force, or coercion. *Id*.

Even if the defendants were aware plaintiff engaged in commercial sex work, plaintiff does not plausibly allege the defendants knew or should have known she was being trafficked by force or coercion. *See A.B. v. Wyndham Hotels & Resorts, Inc.*, 532 F. Supp. 3d 1018, 1027 (D. Or. 2021) ("[T]he TVPRA does not impose an affirmative duty to police and prevent sex trafficking.");

*B.M.*, 2020 WL 4368214, at *7 ("To be clear, the Court does not read section 1595 of TVPRA [as] requiring hotels or their franchisors to affirmatively stop sex trafficking.").

As to defendant Boyd, plaintiff specifically alleges an individual Cannery employee was aware of her coercion and abuse. (ECF No. 55 ¶ 83). But that is not enough to impute liability to Boyd as a knowing beneficiary of plaintiff's sex trafficking. TVPRA claims usually involve a defendant either directly supporting a sex trafficker or forming a tacit agreement with the trafficker through a continuous business relationship.[1]

Moreover, "[a]lthough 'participation in' a venture need not involve direct participation in sex trafficking, '[i]t is the venture that must violate Section 1591, and not the participant.'" *Tyla*, 2024 WL 4839744 at *4; *G.G.*, 76 F.4th at 559. Plaintiff fails to allege how any defendant, including the Cannery employee, took specific actions to violate the TVPRA pursuant to the defendants' ventures as casinos. Accordingly, plaintiff cannot proceed with its TVPRA claim against defendants on a beneficiary theory of liability.

*2. Perpetrator Liability*

Plaintiff contends the defendants are perpetrators within the meaning of 18 U.S.C. § 1591(a)(1) because their employees provided hotel rooms which were used for commercial sex and shielded the activity from law enforcement. To state a claim for perpetrator liability under the TVPRA, a plaintiff must plead facts showing, among other things, that a defendant knowingly

> "recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits ... a person ... knowing, or ... in reckless disregard of the fact, that means of force, threats of force, fraud, coercion ... or any combination of such means will be used to cause the person to engage in a commercial sex act."

18 U.S.C. § 1591(a).

---

[1] *See e.g.*, *J.M. v. Choice Hotels Int'l, Inc.*, No. 2:22-cv-00672-KJM-JDP, 2023 WL 3456619, at *2 (E.D. Cal. May 15, 2023) (hotel staff rented rooms to trafficker away from other guests and instructed johns to hurry up as they come and go); *J.K. v. Ramada Worldwide, Inc.*, No. 1:23-CV-108-TWT, 2023 WL 5621913, at *2 (N.D. Ga. Aug. 30, 2023) (hotel employees zip-tied the crash bar of a door to keep it from locking so that commercial sex purchasers could enter and exit); *Ricchio v. McLean*, 853 F.3d 553, 555 (1st Cir. 2017) (hotel operator and trafficker exchanged high fives and spoke of "getting this thing going again" when there were overt signs of sex trafficking); *B.J. v. G6 Hosp., LLC*, No. 22-cv-03765-MMC, 2023 WL 6120682, at *4 (N.D. Cal. Sept. 18, 2023) (hotels had a "continuous business relationship" of renting rooms to traffickers).

- 7 -

Plaintiff failed to sufficiently plead a TVPRA claim under the beneficiary liability theory. "However, the standard for [perpetrator] liability pursuant to section 1591 is higher: to be held criminally liable as a beneficiary, a defendant must have actual knowledge of the trafficking and must assist, support, or facilitate the trafficking venture." *Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1141 (9th Cir. 2022) (simplified); 18 U.S.C. § 1591(a)(2), (e)(4).

Plaintiff failed to allege the more lenient, constructive knowledge element for beneficiary liability. As such, it follows that she cannot satisfy the more stringent, actual-knowledge requirement needed for perpetrator liability. *See J.M. v. Choice Hotels Int'l, Inc.*, 2023 WL 3456619, at *2 (E.D. Cal. May 15, 2023) (perpetrator liability claim requires allegations of actual knowledge); *cf. id.* (actual knowledge shown where defendants "[t]ook cash payments from [the] trafficker" and specifically "[r]ented [the victim] and her trafficker rooms away from other guests").

Indeed, plaintiff fails to allege how the defendants took any action pursuant to § 1591(a). Plaintiff claims the defendants' employees turned a blind eye to her commercial sex work because it would affect their business and clientele. (ECF No. 55 ¶ 130-132). She argues, "between her dress, her frequent visits, her demeanor, and her habit of going upstairs with other guests after only brief conversations," the Cannery employees knew plaintiff was performing commercial sex work. (*Id.* ¶ 70, 77, 85). But that falls far short of establishing the defendants took any affirmative action to harbor or facilitate sex trafficking in their establishments.

Plaintiff also alleges a Cannery employee assisted customers in patronizing plaintiff. (*Id.* ¶ 84). But this too fails to allege the actual knowledge requirement that defendants were aware of her trafficking, not just her commercial sex work. *J.M.*, 2023 WL 3456619, at *2. Without any allegation that the defendants acted pursuant to § 1591(a), there is insufficient facts to support a perpetrator liability claim.

C.  IIED Claim

Plaintiff also brings a claim against defendants for intentional infliction of emotional distress. The court exercises supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367(a). The court may exercise its discretion to decline to exercise jurisdiction if the

1  court has dismissed all claims over which it has original jurisdiction.  *Id*. § 1367(c); *Satey v.*
2  *JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008).  The court dismissed plaintiff's
3  federal law claim under the TVPRA and finds plaintiff's state law claim would be best resolved
4  by state court.  *See Tyla*, 2024 WL 4839744 at *5.  Accordingly, it declines to exercise
5  supplemental jurisdiction to maintain the state law IIED claim in this court.

6    D.  Motion to Take Judicial Notice

7    Plaintiff moves the court to take judicial notice of a book entitled, "Vegas Concierge: Sex
8  Trafficking, Hip Hop, and Corruption in America."  (ECF No. 74).  Federal Rule of Evidence
9  201(b) permits the court to take judicial notice of facts that are not subject to reasonable dispute
10 because they are either (1) generally known, or (2) can be accurately and readily determined.
11 Defendants challenge the contents of the book as inadmissible hearsay and irrelevant.  Here, the
12 contents of the book are neither generally known, nor do they contain information that can be
13 readily assessed for accuracy without reasonable questioning.  Thus, the court declines to take
14 judicial notice of the book.

15 **IV.  Conclusion**

16   Accordingly,

17   IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motions to
18 dismiss (ECF Nos. 57, 58, 59) be, and the same hereby are, GRANTED.  Plaintiff may amend her
19 complaint by April 30, 2025.

20   IT IS FURTHER ORDERED that plaintiff's motion to take judicial notice (ECF No. 74)
21 be, and the same hereby is, DENIED.

22   IT IS FURTHER ORDERED that defendants' motions (ECF Nos. 8, 34, 37, 38, 40)
23 be, and the same hereby are, DENIED as moot.

24   DATED March 26, 2025.

                _____
                UNITED STATES DISTRICT JUDGE